# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **WEB 2.0 TECHNOLOGIES, LLC, AND PENNAR SOFTWARE CORPORATION** *Plaintiff*, v. **LONGVIEW REGIONAL MEDICAL CENTER** *Defendant.* | Case No. 6:25-cv-00059  JURY TRIAL DEMANDED |

## DEFENDANT LONGVIEW REGIONAL MEDICAL CENTER'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................5
ARGUMENT AND AUTHORITIES ....................................................................................6
    A. The Asserted Claims are Directed to an Abstract Idea ..................................6
    B. The Caselaw Demonstrates the Asserted Claims are Abstract ......................7
    C. Plaintiffs Fail to Distinguish Longview's File Cabinet Analogy ...................9
    D. The Asserted Patents Fail to Recite an Inventive Concept ...........................10
    E. Plaintiffs, for the Second Time, Plead No Basis for Infringement Prior to
        Expiration of the Asserted Patents ................................................................11
    F. Plaintiff Web 2.0 Lacks Standing to Sue for Infringement of the Asserted
        Patents ............................................................................................................12
    G. Plaintiffs Should Not Be Granted Leave to Amend for a Third Time ..........12
CONCLUSION .....................................................................................................................13

IM-#10829355.3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alice Corp. v. CLS Bank*,
  573 U.S. 208 (2014) ................................................................................................................. 9

*Alps S., LLC v. Ohio Willow Wood Co.*,
  787 F.3d 1379 (Fed. Cir. 2015) ............................................................................................... 12

*BASCOM Global Internet Servs. v. AT&T Mobility, LLC*,
  827 F.3d 1341 (Fed. Cir. 2016) ............................................................................................... 10

*D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*,
  98 F.4th 198 (5th Cir.), cert. denied, 145 S. Ct. 264 (2024) ................................................... 13

*Decapolis Sys., LLC v. UT Sw. Health Sys.*,
  No. 2:22-cv-00159 ..................................................................................................................... 8

*Enzo APA & Son, Inc. v. Geapag A.G.*,
  134 F.3d 1090 (Fed. Cir. 1998) ............................................................................................... 12

*Epic Sys. Corp. v. Decapolis Sys., LLC*,
  2024 WL 5236918 (S.D. Fla. July 30, 2024) ............................................................................ 8

*Epic Sys. Corp. v. Decapolis Sys., LLC*,
  643 F. Supp. 3d 1347 (S.D. Fla. 2022) ...................................................................................... 8

*Ericsson Inc. v. TCL Commc'n Holdings Ltd.*,
  955 F.3d 1317 (Fed. Cir. 2020) ................................................................................................. 9

*Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*,
  50 F.4th 1371 (Fed. Cir. 2022) .................................................................................................. 5

*Mobile Acuity Ltd. v. Blippar Ltd.*,
  110 F.4th 1280 (Fed. Cir. 2024) .............................................................................................. 13

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) ............................................................................................... 12

*of Siemens Bldg. Techs., Inc. v. Grot, Inc.*,
  No. 4:05CV77, 2005 WL 2012263 (E.D. Tex. Aug. 19, 2005) .............................................. 13

*Pres. Wellness Techs. v. Allscripts Healthcare Sols.*,
  No. 15-cv-1559, 2016 WL 2742379 (E.D. Tex. May 10, 2016) ........................................... 7, 8

*Recentive Analytics, Inc. v. Fox Corp.*,
   134 F.4th 1205 (Fed. Cir. 2025) ................................................................................... 9, 13

*In re Salwan*,
   681 F. App'x ........................................................................................................................ 10

*In re Salwan*,
   681 Fed.App'x 938 (Fed. Cir. 2017) ................................................................................ 8, 10

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
   65 F.4th 698 (Fed. Cir. 2023) ............................................................................................ 13

*Torus Ventures LLC v. Cawley Partners, LLC*,
   No. 2:24-CV-00553, 2025 WL 1799327 (E.D. Tex. June 30, 2025) ..................................... 9

**Statutes**

35 U.S.C. § 101 ........................................................................................................... 5, 12, 13

## **INTRODUCTION**

Plaintiffs' Opposition is devoid of any specific evidence demonstrating the claims of the '913 Patent and the '594 Patent (the "Asserted Patents") are patentable under 35 U.S.C. § 101. Plaintiffs argue the Asserted Patents claim novel structural components and solve a known technological problem by limiting access to individual's health records only to those with proper authorization.  As courts repeatedly have held, however, merely reciting generic computer components to implement receiving, storing, and controlling access to information—an abstract issue with which humans have needed to contend for decades, if not centuries—is not enough under § 101.  Plaintiffs respond with *ipse dixit* assertions that the claims of the Asserted Patents are novel, resolve a known technological problem, and represent a technological advance.  Even at the motion to dismiss stage, this Court need not accept such conclusory "allegation[s] about inventiveness, wholly divorced from the claims or the specification." *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1379 (Fed. Cir. 2022).

Additionally, Plaintiffs fail entirely (for the second time) to address the fatal flaw that Plaintiffs' claim charts accuse only the ***current*** version of Longview's website, which provides no basis for infringement during the term of the Asserted Patents.

And finally, Plaintiffs fail to provide any basis for Web 2.0's standing to enforce the Asserted Patents against Longview, essentially conceding Web 2.0 should be dismissed.

This was Plaintiffs' second bite at the apple.  There should not be a third. Longview filed a motion to dismiss in response to Plaintiffs' original complaint, and Plaintiffs filed an amended complaint immediately thereafter.  Plaintiffs therefore already had a chance to address the glaring deficiencies in the Amended Complaint.  They failed.  The Court therefore should dismiss the Amended Complaint with prejudice.

## ARGUMENT AND AUTHORITIES

### A.  The Asserted Claims are Directed to an Abstract Idea

The asserted claims are directed to the abstract idea of receiving, storing, and controlling access to a patient's health information. In an attempt to salvage the Asserted Patents, Plaintiffs argue Longview "overgeneralized" the claims in its Motion to Dismiss and ignored "several critical limitations that demonstrate that Asserted Patents are not directed to patent-ineligible concepts." (Opp. at 10.) Plaintiffs then copy and paste several limitations of the representative claim into their Opposition and argue that Longview's Motion ignored "the vast majority of the actual claim language, including structural components and their configuration." (Opp. at 11.) But, as explained in Longview's Motion, those supposed "structures" are nothing more than a recitation of generic computer components (*e.g.,* data storage) without any explanation of how to implement any technological or software solution. The claim language is analogous to the real-world concept of establishing a file for a patient's personal health information, allowing access to certain records (or portions of records) by authorized personnel, and informing the patient of changes to his or her record. As anyone who has visited a doctor knows, this same process has long been accomplished by office assistants using pen, paper, and a filing cabinet. In other words, the asserted claims "as a whole" reduce to the abstract idea of receiving, storing, and controlling access to personal health information.

Moreover, Plaintiffs' suggestion that the claims of the Asserted Patents are not abstract because they were allegedly "implemented through various statutory and regulatory standards for electronic health record systems such as those under HIPAA, CEHRT, and Meaningful Use criteria" makes no sense. (Opp. at 10.) First, Plaintiffs have done nothing to demonstrate the asserted claims require compliance with the referenced statutory or regulatory standards.

6

More importantly, even assuming they did, statutory or regulatory compliance is not a technological solution—it simply shows that the patents track existing policy requirements, not improvements in computer functionality. And it certainly doesn't preclude a finding by this court that the asserted claims are directed to an abstract idea. HIPPA "address[es] the use and disclosure of individuals' *protected health information (PHI)*,"[1] and CEHRT and Meaningful Use relate to the "capture, exchange and report [of] specific clinical data and quality measures."[2] If anything, the statutory and regulatory standards confirm that the asserted claims are directed to the abstract idea of "receiving, storing, and controlling access to personal health information."

**B.    The Caselaw Demonstrates the Asserted Claims are Abstract**

Plaintiffs devote over five pages of their Opposition attempting to distinguish relevant caselaw in Longview's Motion by arguing in conclusory fashion that the Asserted Patents are different from the patents in the cases cited by Longview. Plaintiffs fail to provide any substantive support for its claim that the relevant caselaw is distinguishable other than to simply declare the asserted claims are directed to technological improvements. But a simple comparison between the asserted claims and the claim language in the cited caselaw makes clear the asserted claims in this case are similarly abstract.

For example, Plaintiffs argue "a number of structures created, associated, and populated in a specific manner to achieve a specific technological solution . . ." in the asserted claims make them different from the "entirely functional" limitations of the claims at issue in *Pres. Wellness Techs*. But Plaintiffs fail to articulate why the structural elements in *Pres. Wellness Techs*, which included "a memory for storing said patient medical records," "software providing data modules,"

---

[1] https://www.cdc.gov/phlp/php/resources/health-insurance-portability-and-accountability-act-of-1996-hipaa.html.
[2] https://www.ama-assn.org/practice-management/medicare-medicaid/meaningful-use-electronic-health-record-ehr-incentive.

distinct "access screens" for physicians and patients, and "a two-way firewall program" that "allows only the physician access . . . physician-only viewable screens of the medical record"—are any different than elements such as a "data storage area configured to store the patient's personal health information," "first client computer operated by the patient," and "second computer" for a "designated requester" (*e.g.*, physician) in this case. (Opp. at 13.); *Pres. Wellness Techs. v. Allscripts Healthcare Sols.*, No. 15-cv-1559, 2016 WL 2742379, at *1–2 (E.D. Tex. May 10, 2016); U.S. Pat. No. 9,465,913, claim 1.)

Plaintiffs' attempts to distinguish the *Decapolis* and *Salwan* cases fare no better.[3] Plaintiffs make the same conclusory argument—that the patents at issue in *Decapolis* and *Salwan* were directed to abstract ideas, but the Asserted Patents are not because they provide technological improvements—without offering any explanation to support such an argument. (Opp. at 14.) For example, Plaintiffs proclaim that the asserted claims in this case are "directed to technological improvements in electronic health record systems and claim specific structures" and "describe and claim far more than simply automating a method of organizing human activity," but, again, fail to explain what the technological improvements are or why the claims are distinguishable from those found ineligible in *Decapolis* and *Salwan*. (Opp. at 13-14.)

Finally, Plaintiffs point out that the court in *Web 2.0 Techs., LLC v. 37signals LLC* considered claim 1 of U.S. Patent No. 6,845,448, and not the '913 and '594 patents. (Opp. at 14.). But the '448 Patent examined by the *37signals* court is a direct parent to the Asserted Patents. 2024 WL 1254221, at *5. And although claim 1 of the '448 Patent was not strictly limited to patient health records (instead directed to a party's "personal information"), the '448 Patent

---

[3] *Epic Sys. Corp. v. Decapolis Sys., LLC*, 643 F. Supp. 3d 1347 (S.D. Fla. 2022); *Epic Sys. Corp. v. Decapolis Sys., LLC*, 2024 WL 5236918 (S.D. Fla. July 30, 2024); *Decapolis Sys., LLC v. UT Sw. Health Sys.*, No. 2:22-cv-00159, Dkts. 76, 94 (E.D. Tex. June 6, 2024); *In re Salwan*, 681 Fed.App'x 938 (Fed. Cir. 2017).

disclosed the same motivations and supposed "technical solution" that Plaintiffs argue make the Asserted Patents distinguishable. (*E.g., compare* Background Sections of the '448 Patent and '913 Patent.) Indeed, a side-by-side comparison of ineligible claim 1 of the '448 Patent and the asserted claims of the Asserted Patents easily refutes Plaintiffs' *ipse dixit* claim that the Asserted Patents are structurally different.

Ultimately, Longview cited numerous cases — including from this District and the Federal Circuit —finding highly similar claims abstract and invalid. Plaintiffs' Opposition not only fails to distinguish these cases but fails to cite a single case that found claims like the asserted claims to be patent-eligible.

### C. Plaintiffs Fail to Distinguish Longview's File Cabinet Analogy

Plaintiffs' Opposition does not change the fact that the asserted claims recite nothing more than the abstract idea of receiving, storing, and controlling access to a patient's health records. Courts have consistently held that such "longstanding commercial practices" are paradigmatic abstract ideas. *Alice Corp. v. CLS Bank*, 573 U.S. 208, 220–21 (2014); *Ericsson Inc. v. TCL Commc'n Holdings Ltd.*, 955 F.3d 1317, 1327 (Fed. Cir. 2020).

To avoid abstraction, a claim must disclose a specific implementation that improves computer technology. *Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205, 1213 (Fed. Cir. 2025) (quoting *Enfish* and *Koninklijke*). Result-based functional language, by itself, is insufficient. *Torus Ventures LLC v. Cawley Partners, LLC*, No. 2:24-CV-00553, 2025 WL 1799327, at *5 (E.D. Tex. June 30, 2025).

The claims here offer only high-level functional steps — creating an account, storing data, setting access rules, sending notifications, etc. Neither the claims nor the specification identifies any software problem, any improvement to computer performance, or any technical way to implement the described functions. Plaintiffs cannot escape the fact that the Asserted Patents seek

9

to computerize or automate a previously manual record keeping process, using generic computer components.

### D.     The Asserted Patents Fail to Recite an Inventive Concept

Plaintiffs argue that certain claimed "structures" are unconventional and solve a specific problem. (Opp. at 18.) Plaintiffs then copy and paste an excerpt from the '913 Patent's Summary section, which, like claim 1, recites nothing more than a conventional method of securing personal information. Plaintiffs fail to explain how such alleged structures, or their arrangement were unconventional or how they resolved any specific problem.

Next, Plaintiffs assert, with no explanation, that "the arrangement of known components for use in an unconventional manner can provide inventive concept where, as here, the specification addresses known problems with the known configuration of known components." (Opp. at 19 (citing *BASCOM Global Internet Servs. v. AT&T Mobility, LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).) But Plaintiffs do not (nor could they) explain why the Asserted Patents are analogous to the physical arrangement of components claimed in *BASCOM*, which improved the performance of Internet content filters by "carv[ing] out a specific location for the filtering system (a remote ISP server) and requir[ing] the filtering system to give users the ability to customize filtering for their individual network accounts." 827 F.3d at 1352. To the contrary, a better analogy for Plaintiffs' claims is the claim at issue in *Salwan*, which the Federal Circuit held "fail[ed] to transform the nature of the claim as they are directed to generic computer structures for storing and transferring information." *In re Salwan*, 681 F. App'x at 941. The asserted claims here are directed to well-known business practices and therefore, the claimed elements of a generic "server computer," "client computer," and "data storage area" are not enough to transform the abstract idea into a patent-eligible invention. *See In re Salwan*, 681 F. App'x at 941.

Plaintiffs' citation to *Aatrix* and *Berkheimer* for the proposition that factual disputes preclude dismissal is also unavailing, as they have not pled any facts establishing non-conventional elements. Those cases require factual allegations of non-conventionality and Plaintiffs offer none beyond attorney argument.

### E. Plaintiffs, for the Second Time, Plead No Basis for Infringement Prior to Expiration of the Asserted Patents

Plaintiffs do not dispute that the claim charts included with the First Amended Complaint accuse only the *current* version of Longview's website. (*See, e.g.*, First Amended Complaint, Exs. 2 and 4, Dkt. 9-2, at 59 and Dkt. 9-4, at 8 stating website "Last Modified: February 20, 2025"). Plaintiffs also do not dispute that both of the Asserted Patents expired in January 2020. In their Opposition, Plaintiffs merely allege that Longview's "accused electronic health record systems have been in compliance with all relevant statutory and regulatory standards and criteria since their enactment in 2009" and that Plaintiffs believe Longview's website "had those same capabilities and functionalities during the enforcement period of the Asserted Patents." (Opp. at 21.) But these allegations are meaningless, as Longview's alleged compliance with statutory and regulatory standards does not equate to infringement of the Asserted Patents. Plaintiffs are required to cite *some* evidence of infringement during the term of the Asserted Patents. Plaintiffs have now failed to do so twice—both with their Original and Amended Complaints.

This issue was squarely raised in Longview's initial Motion to Dismiss, served on July 28, 2025—*before* Plaintiffs filed their First Amended Complaint. Yet, Plaintiffs ignored the deficiency and simply repeated the same infringement allegations regarding the '913 Patent in their Amended Complaint. Worse still, they doubled down by asserting infringement of the '594 Patent, which has the same expiration date, and again cited Longview's *current* website in support of their allegations. Plaintiffs' claims should be dismissed.

11

### F. Plaintiff Web 2.0 Lacks Standing to Sue for Infringement of the Asserted Patents

Plaintiffs' Opposition does nothing to rebut the fact that Web 2.0 lacks both Article III and statutory standing. The December 31, 2022 assignment only gave Web 2.0 rights to sue certain named entities, and Longview was not one of them. Plaintiffs' Opposition admits Pennar assigned only *certain* rights to some of Pennar's patents to Web 2.0, including the '913 patent, but fails to address or rebut the fact that Longview was not included in the list of defendants the assigned patents could be enforced against. (Opp. at 3.) With respect to the '594 patent, Plaintiffs concede "Web 2.0 was not assigned rights to that patent via the December 31, 2022 assignment, and Pennar retains all rights in the '594 patent." (Id. at 4.)

Under *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339–41 (Fed. Cir. 2007), and *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1384 (Fed. Cir. 2015), a plaintiff with no exclusionary rights cannot sue. This defect cannot be cured retroactively, *see Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998). At minimum, Web 2.0 should be dismissed as a plaintiff because it lacks constitutional and statutory standing.

### G. Plaintiffs Should Not Be Granted Leave to Amend for a Third Time

In a mere two sentences, Plaintiffs ask for leave to amend their Amended Complaint if the Court is inclined to dismiss it. Leave should be denied.

Longview already filed an initial Motion to Dismiss, served on July 28, 2025, before Plaintiffs filed their Amended Complaint. Yet, Plaintiffs made no substantive changes to the existing allegations and added a related and equally invalid patent to the case with the same expiration date. Plaintiffs knew precisely what arguments Longview would be advancing before it submitted the operative motion to dismiss. If Plaintiffs could have included additional allegations in their Amended Complaint to address the § 101 issues, plausibility, and standing

issues, they should have done so. Allowing this sort of whack-a-mole approach to pleading wastes both the Court's and litigants' resources and should not be permitted. *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198 (5th Cir.), cert. denied, 145 S. Ct. 264 (2024) (affirming denial of leave to amend where, after multiple bites of the apple, the district court found "further attempts to replead [the same claim] would be futile and a waste of the parties' and Court's resources."); *U.S. for use & benefit of Siemens Bldg. Techs., Inc. v. Grot, Inc.*, No. 4:05CV77, 2005 WL 2012263, at *2 (E.D. Tex. Aug. 19, 2005) (dismissing claims with prejudice after the moving party failed to meet the pleadings standard "at its second bite at the apple.").

Second, Plaintiffs' cursory, unexplained request for leave to amend provides no reason to think they can add factual allegations to address the facial deficiencies in the Asserted Patents under § 101. "No amendment to a complaint can alter what a patent itself states." *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023). And here the problem is that the Asserted Patents themselves on their face are directed to an abstract idea. Any amendment would be futile. *See id.* (affirming denial of leave to amend where "[plaintiff]'s proposed amendment merely sought to add conclusory statements that the claimed steps were not well-known, routine, and conventional."). The Federal Circuit has repeatedly denied requests for leave where the underlying patents are invalid. *Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205 (Fed. Cir. 2025); *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1295 (Fed. Cir. 2024).

Accordingly, Plaintiffs' First Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For the above and foregoing reasons, Longview respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Dated: September 2, 2025

Respectfully submitted,

BRACEWELL LLP
By: */s/ Conor M. Civins*
Conor M. Civins
Texas Bar No. 24040693
conor.civins@bracewell.com
Michael Chibib
Texas Bar No. 00793497
michael.chibib@bracewell.com
Christopher J. Mierzejewski
Texas Bar No. 24070270
chris.mierzejewski@bracewell.com
111 Congress Ave. Suite 2300
Austin, TX 78701
Telephone: (512) 472-7800

ATTORNEYS FOR LONGVIEW REGIONAL MEDICAL CENTER

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served on September 2, 2025 upon all counsel of record via email.

By: */s/ Conor M. Civins*
Conor M. Civins